IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.D., by and through her natural parents and guardians, Michael and Julie Ann Dotson,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>Trinity Area School District,<br><br>　　　　　Defendant | CASE NO. __2:22-cv-517__<br><br>**ELECTRONICALLY FILED** |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, M.D., a minor, by and through her parents and natural guardians, Michael and Julie Ann Dotson, respectfully, by and through her undersigned counsel, Law Office of Jennifer O. Price, hereby asserts the following Complaint in Civil Action against Defendant, Trinity Area School District and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, and 28 U.S.C. 1343, as this action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. 1391(b) in that the Defendants are subject to personal jurisdiction under this district and because a substantial part of the events and/ or admissions giving rise to Plaintiff's claims occurred in this district.

3. All of the Defendant's actions and omissions complained of herein have taken place within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. M.D. is a 16-year old minor who resides with her parents, Michael and Julie Ann Dotson. At the time of the allegations, M.D. and her parents resided in the Trinity Area School District of Washington County, Pennsylvania.  At all times pertinent to this complaint, Plaintiff was and continues to be a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant, Trinity Area School District (hereinafter referred to as "School District"), is located at 231 Park Avenue, Washington, PA 15301.  The School District is a government entity and receives federal funds for the purpose of providing education to children within its district.

## RELEVANT LAWS AND POLICIES

6. Title IX of the Education Amendments of 1972 and its implementing regulations, reads, in pertinent part, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

## STATEMENT OF RELEVANT FACTS

7. M.D. is a 16-year old minor, currently receiving education at Trinity High School, a public school in the Trinity Area School District.

8. Michael and Julie Ann Dotson are the biological parents of M.D.

9. Plaintiff, M.D., is a female student on the girls' basketball team at the high school.

10. M.D. eventually received an injury and presented a doctor's excuse prohibiting M.D. from doing anything physical. As a result, M.D. was excused from physical education and basketball practice.

11. Coach Kathy encouraged M.D. to attend the games, and allowed M.D. to assist with drills, workout with the on-site trainers, and manage the books during the basketball games.

12. The basketball schedule for the 2021-2022 season included homes games at the high school, as well as away games away from the high school.

13. During the away games, the school is responsible for the transportation and housing of the students. Adult supervision consists of school staff, including coaches and assistant coaches.

14. The girls' basketball team traveled to Washington D.C. for an away game.

15. While in the hotel room, M.D. and other fellow basketball players learned about sexual assault that occurred at a house party between a male basketball player and another student. M.D. and the players learned this from the alleged perpetrator's sister.

16. This incident was confirmed again to M.D. and other basketball players by a friend of the alleged victim.

17. As a result of this incident, the alleged victim, also a student in the high school, indicated she did not feel comfortable being left alone with the alleged male student perpetrator.

18. Later that same day, Coach Kathy sent M.D. home and informed all the girls' players in the locker room that the girls' basketball game was cancelled because "a rumor was going around."

19. The boys' basketball game continued the following day and did not get cancelled.

20. On or about December 14, during a boys' basketball game, a friend talked to M.D. about the allegations. Two trainers overheard the conversation. One of the trainers told someone in administration about the allegations.

21. The following day, December 15, M.D. was called down to the office by Mr. Craig Uram, the Vice Principal, and provided a written statement of what she knew.

22. While completing her written statement, Mr. Uram asked M.D. how she would feel if her reputation could be ruined by this allegation. He also stated that he thought the allegation was simply a rumor.

23. In the afternoon on December 15, M.D. attended practice but was immediately sent home from practice. Coach Kathy claimed she was changing the practice and M.D. did not need to attend.

24. The next day, December 16, Mr. Rich called M.D. to his office, with Coach Kathy and told M.D. she could no longer attend practices or games because the school cannot handle a liability if M.D. were to get injured sitting on the bench.

25. There were other athletes on the girls' basketball with injuries. No other athletes with injuries were prohibited from attending practices or games.

26. Coach Kathy told other teammates not to talk to M.D.

27. M.D.'s parents began seeing changes in their daughter's behavior and conduct. M.D.'s grades dropped, and she talked about wanting to quit school and basketball forever. Administration and Coach Kathy have told M.D. that she looks depressed.

28. M.D. has begun seeing a therapist and is currently attending school online. has since been diagnosed with Depression due to not being able to participate in her favorite extracurricular activity.

## COUNT I
## DISCRIMINATION BASED ON SEX or GENDER
## (Title IX of the Education Amendments Act of 1972)

### M.D.

### v.

### Trinity Area School District

29. The allegations set forth in Paragraphs 1 through 28 are hereby incorporated by reference as if more fully set forth herein.

30. Title IX of the Education Amendments Act of 1972 prohibits discrimination based on sex in education programs and activities that receive federal financial assistance. Specifically, Title IX states "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]"

31. This anti-discrimination statute includes prohibiting acts of retaliation.

32. Pursuant to Title IX, 20 U.S.C. § 1681 *et seq.*, Plaintiff was denied the benefits of the services, programs, and activities offered from the District when staff from the District retaliated against her for reporting allegations of sexual assault.

33. Upon receiving notification of the allegations, District staff cancelled the following basketball, denying M.D. the opportunity to participate in the basketball game.

34. Afterwards, Plaintiff began exercising her right to participate in the investigation of a male basketball athlete accused of sexually assaulting a fellow female classmate.

35. While providing a written statement, naming the alleged male athlete, District staff made intimidating comments towards M.D. which could have the effect of preventing her from continuing to participate in the process.

36. After providing a written statement, District staff subsequently denied M.D. the benefits of participating as a member of the basketball team.

37. "[W]hen a funding recipient retaliates against a person *because* he complains of sex discrimination, this constitutes intentional 'discrimination' 'on the basis of sex,' in violation of Title IX. *Jackson v. Birmingham Bd. of Ed.*, 544 U.S. 167 (2005).

38. "Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action. Retaliation is, by definition, an intentional act. It is a form of 'discrimination' because the complainant is being subjected to differential treatment." *Id*.

39. The above-described actions of the Defendant are the direct and proximate cause of Plaintiff's injuries aforesaid.

40. As a result of the above violation, Plaintiff has suffered damages, including but not limited to psychological trauma, mental anguish, humiliation, and emotional distress.

WHEREFORE, M.D., by and through her parents and natural guardians, Michael and Julie Ann Dotson, hereby demands judgment against Defendant to include, but not be limited to:

(a) Compensatory damages;
(b) Attorney's fees and costs of suit;
(c) Other relief as deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all causes of action and issues so triable.

Respectfully submitted,

The Law Office of Jennifer O. Price

DATE: 3/31/2022

By: _____
Jennifer O. Price, Esquire
Bar ID: 306382

Attorney for Plaintiff, M.D., by and through her parents and natural guardians, Michael and Julie Ann Dotson

Law Office of Jennifer O. Price
1179 Desiderio Blvd.
Clairton, PA 15025
(724) 519-7587

**JURY TRIAL DEMANDED**