**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| M.D., by and through her natural parents and guardians, Michael and Julie Ann Dotson, | Civil Action No. 2:22-cv-517 |
| | JUDGE: Marilyn J. Horan |
| Plaintiff, | |
| vs. | TYPE OF PLEADING: |
| TRINITY AREA SCHOOL DISTRICT, | **BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12 (b)(6)** |
| Defendant. | |

FILED ON BEHALF OF:

**Defendant**, **Trinity Area School District**

COUNSEL OF RECORD:

Susan T. Roberts, Esquire
Pa I.D. 66758

Eric G.VanKirk, Esquire
Pa I.D. 322521

**Peacock Keller, LLP**
95 West Beau Street
Suite 600
Washington, Pennsylvania  15301
(724) 222-4520
Firm I.D. 807

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| M.D., by and through her natural parents and guardians, Michael and Julie Ann Dotson, | |
| Plaintiffs, | |
| | Civil Action No. 2:22-cv-517 |
| vs. | |
| TRINITY AREA SCHOOL DISTRICT, | |
| Defendant. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

AND NOW, comes the Defendant, Trinity Area School District (hereinafter "School District"), by and through its counsel, Peacock Keller, LLP, and files the within Brief in Support of Motion to Dismiss Amended Complaint Pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.     **BACKGROUND**

Plaintiff, M.D., commenced this action by filing a single count Complaint in which she alleges discrimination by the School District pursuant to Title IX, 20 U.S.C. §1681.  The School District filed a Motion for a more definitive statement pursuant to Fed.R.Civ.P 12(e). Following the filing of  Defendant's 12(e) motion, Plaintiff filed an Amended Complaint on July 7, 2022.

Plaintiff's Amended Complaint includes a few additional facts not pled in the initial Complaint, but those facts make no substantive difference with regard to the allegations against the School District.

According to the Amended Complaint, Plaintiff was a student athlete who played on the girls' basketball team at the School District.  (Amended Complaint at ¶¶ 7,9.) At all times relevant, Plaintiff, was prohibited from "doing anything physical" pursuant to a doctor's order because she had sustained an injury unrelated to basketball. (Amended Complaint at ¶10.) In September of 2021, Plaintiff was allegedly encouraged by Coach Kathy to attend the girls basketball games and was allowed to assist with drills, workout with on-site trainers, and manage the books during basketball games.  (Amended Complaint at ¶11.)  Plaintiff claims she subsequently was advised that all basketball activities were mandatory.  (Id.) From December 9th to 11th,  2021 Plaintiff traveled with the girls basketball team for a tournament in Washington D.C.  (Amended Complaint at ¶14.)  During that away trip, Plaintiff and other teammates were made aware of an alleged sexual assault of a classmate.  (Amended Complaint at ¶¶ 15.) On or about  December 14, 2021, at a boys' basketball game, Plaintiff was overhead by two athletic trainers discussing the alleged sexual assault with a friend.  (Complaint at ¶20.)  One of the trainers informed Administration of what they had heard. (Amended Complaint at ¶20.)

On December 15, 2021, Plaintiff was summoned by Vice Principal, Craig Uram, to provide a written statement regarding her knowledge of the alleged sexual assault. (Amended Complaint at ¶21.) During that meeting, Mr. Uram purportedly asked Plaintiff how she would feel if her reputation could be ruined by what he thought was a rumor (presumably a rumor regarding a sexual assault). (Amended Complaint at ¶21.)  Later that day, Plaintiff was sent home from practice by Coach Kathy, whom Plaintiff alleges told her that she need not attend.

(Complaint at ¶23.)  The players were also informed that the girls basketball game was cancelled for December 16, 2021.  (Amended Complaint at ¶¶18,23,33.)  The following day, Plaintiff was informed by Mr. Rich[1] and Coach Kathy that due to liability issues regarding her injury, she could no longer attend practices or games. (Amended Complaint at ¶24,36.)

According to the Amended Complaint, "Plaintiff began exercising her right to participate in the investigation of a male basketball athlete accused of sexually assaulting a fellow female classmate."  (Amended Complaint at ¶34.) At some point, Coach Kathy told a person named Landi Smith to refrain from speaking to Plaintiff. (Amended Complaint at ¶26.)

Plaintiff's parents allegedly recognized changes in Plaintiff's behavior and a drop in her grades at school. (Complaint at 27.)  Plaintiff spoke about wanting to quit school and basketball. (Amended Complaint at ¶27.) Plaintiff began attending online classes and wasn diagnosed with depression.  (Amended Complaint at ¶28.)

Defendant, Trinity Area School District, has filed the instant Motion to Dismiss Plaintiff's Amended Complaint based upon Federal Rule Civil Procedure 12(b)(6).  This Brief is respectfully submitted in support of Defendant's Motion to Dismiss.

## II.    <u>STANDARD OF REVIEW</u>

When deciding a motion to dismiss based upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true all matters pleaded and all reasonable inferences which can be drawn therefrom, construing them in a light most favorable to the non-moving party.  <u>Bieros v. Nicola</u>, 860 F. Supp. 226, 229 (E.D. Pa. 1994).  Ordinarily, in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may generally consider only the allegations contained in the

---

[1]Plaintiff does not identify the full name or position of "Mr. Rich."

complaint, exhibits attached to the complaint, and matters of public record.  Pension Benefit

Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  The

court must determine whether, under any reasonable reading of the complaint, the plaintiff may

be entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  A court

need not, however, credit a complaint's bald assertions or legal conclusions.  In Re:  Burlington

Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Further, the claims raised in the

complaint must be pleaded with sufficient factual matter to state a claim that is plausible on its

face, and not merely possible.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L.

Ed. 2d 868, 884 (2009); Fowler, 578 F.3d at 210-11.

## III.    ARGUMENT

According to the Amended Complaint, Plaintiff claims that she was initially permitted to

participate in basketball activities following her injury. She further claims that in December of

2021, Mr. Rich and Coach Kathy informed her she was no longer permitted to attend practices or

sit on the bench during games due to the liability risk.  Plaintiff also alleges that a single girls'

basketball game was cancelled on December 16, 2021, and the boys' basketball game the

following night was not cancelled. These actions by the School District are alleged to be

discriminatory in nature and in violation of Title IX.

### A.    Plaintiff has Failed to State a Claim that she was Discriminated Against Because she is a Female.

Title IX states, *inter alia*, "[n]o person in the United States shall, on the basis of sex, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any education program or activity receiving Federal financial assistance." Wilcox v. Lyons, 970

F.3d 452, 463 (4th Cir. 2020), cert. denied, 141 S. Ct. 2754 (2021), citing 20 U.S.C. § 1681(a).

Plaintiff has alleged she was discriminated against because of her sex. Discrimination on the basis of sex is defined as treating someone differently simply because that person's sex is different from a similarly situated person of the opposite sex. See City of Los Angeles, Dept. of Water and Power v. Manhart, 435 U.S. 702, 711 (1978) S.Ct. 1370 (applying the "simple test of whether the evidence shows treatment of a person in a manner which but for that person's sex would be different" (internal quotation marks omitted)).

Plaintiff appears to allege that because a single girls' basketball game was cancelled, and a boys' basketball game was not, this somehow constitutes discrimination against her. Plaintiff's Amended Complaint, however, fails to state how she was treated differently because she is a female. Similarly, Plaintiff's Amended Complaint fails to allege how Plaintiff was excluded from participation in any activity in a discriminatory manner or how that purported discrimination was based on the sex of the Plaintiff.

Plaintiff also avers that she "began exercising her right to participate in the investigation of a male basketball athlete accused of sexually assaulting a fellow classmate." This averment is contrary to other facts pled in the Amended Complaint in that Plaintiff did not take any affirmative action to "participate" in a sexual assault investigation but instead, was called by the Assistant Principal for an interview and to provide a written statement of what information she had regarding the assault. Plaintiff does not elaborate on where her right to participate in a sexual assault investigation involving two other students stems from.

Further, an institution can be held liable for a Title IX violation only if "an official who . . . has authority to address the alleged discrimination and to institute corrective measures . . . has actual knowledge of discrimination in the [institution's] programs and fails adequately to respond" or displays "deliberate indifference" to discrimination. Gebser v. Lago Vista Indep.

Sch. Dist., 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). It is not alleged

anywhere in the Amended Complaint that Plaintiff complained or notified anyone in the School

District, let alone a School District official,  that she was being discriminated against.

For the foregoing reasons, Plaintiff's Amended Complaint fails to state a claim that she

was discriminated against under Federal law because she is a female. Accordingly, this claim

must be dismissed.

### B. <u>Plaintiff has Failed to Plead a Required Prima Facie case of Retaliation</u>.

Plaintiff also claims that the School District retaliated against her for reporting allegations

of sexual assault. Under Title IX, "a plaintiff who lacks direct evidence of retaliation must first

make out a prima facie case of retaliation by showing (a) that he or she was engaged in protected

activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between

the two." Miller v. Kutztown University, 2013 WL 650632 *3 (E.D. Pa 2013); <u>Emeldi v. U. of

Oregon</u>, 698 F.3d 715, 724 (9th Cir. 2012).

Presently, Plaintiff makes a general claim that she was" denied the benefits of the

services, programs, and activities offered from the District when staff from the District retaliated

against her for reporting allegations of sexual assault." (Amended Complaint at ¶ 32.) Arguably,

this allegation may meet the first prong of the test set forth in <u>Emeldi</u>, in that reporting

allegations of sexual assault is a protected activity. However,  Plaintiff does not claim that she

suffered an adverse action or was denied the benefits of the services, programs, and activities

offered by the School District. She alleges that she was told that she was no longer permitted to

attend practices or games because the School District could not bear the risk of her being injured

sitting on the bench.  Plaintiff was advised of this change simply due to her present physical

condition and potential for additional injury.  The new directive had nothing to do with her sex,

or the fact that she had participated in the District's internal investigation of an alleged sexual assault. If the Amended Complaint is read to mean that Plaintiff was prevented from participating in basketball activities because of her sex, then that argument fails since Plaintiff was prevented from engaging in any physical activity by a doctor, not the School District. The Amended Complaint fails to identify any facts from which a reasonable jury could infer a causal link between the District's restriction placed on Plaintiff from sitting on the bench at basketball games and practice, and statutorily-protected activity. Plaintiff's claim does not meet the three-prong test to state a case of retaliation under Title IX.

Retaliation claims based upon a violation of Title IX have been recognized by the Supreme Court to exist for individuals who are not the subject of the sexual discrimination. Jackson v. Birmingham Bd. Of Educ., 544 U.S. 167, 175–183, 125 S.Ct. 1497, 1505–1510, 161 L.Ed.2d 361, 371–377(2005).  However, claims of retaliation under Title IX are considered "intentional discrimination," and such an allegation is "intentional" and not judged by the "deliberate indifference" standard.  Dawn L. v. Greater Johnstown Sch. Dist., 614 F. Supp. 2d 555, 571 (W.D. Pa. 2008) citing Jackson at 178.  In the instant case, Plaintiff has not stated allegations of intentional discrimination because she made a report of sexual harassment. Plaintiff, herself, did not report the alleged assault to District Administration.  She was asked to provide a written statement about the alleged sexual assault only after she had been overheard discussing it with a friend.

A student's claims for discrimination under Title IX will only survive if a student's factual allegations give rise to more than the sheer possibility that the defendants acted unlawfully.  Doe v. Marymount University, 297 F.Supp.3d 573, E.D.Va.2018.  Here, Plaintiff in her Amended Complaint, does not allege e more than the "sheer possibility" the School District acted

intentionally to prevent her from attending basketball games because she was asked questions regarding an alleged sexual assault.

For the foregoing reasons, Plaintiff's Amended Complaint fails to state a claim that she was retaliated against under Federal law when, as Plaintiff alleges, the School District would not allow her to attend basketball games and practices due to the risk of liability to the School District should she be injured. Accordingly, this claim must be dismissed.

**IV.**   **CONCLUSION**

Based upon the foregoing, Plaintiff, M.D., has failed to set forth a claim against Defendant, Trinity Area School District, upon which relief can be granted.  Plaintiff's Amended Complaint against Defendant, Trinity Area School District, must, therefore, be dismissed with prejudice.

                    Respectfully Submitted,

                    **Peacock Keller, LLP**

                    By: /s/Susan T. Roberts
                        Susan T. Roberts, Esquire
                        Attorney for Defendant
                        Trinity Area School District

## CERTIFICATE OF SERVICE

I, **Susan T. Roberts, Esquire**, do hereby certify that a true and correct copy of the

foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**PURSUANT TO FED.R.CIV.P. 12(b)(6)** is being served upon the following counsel of record

via notice of electronic filing through Court's Case Management/Electronic Case File System,

this 21st day of  July, 2022:

Jennifer O. Price, Esquire
**Law Office of Jennifer O. Price**
3950 William Penn Highway, Suite 6
Murrysville, PA 15668
jprice@jenniferpricelaw.com
*(Counsel for Plaintiff)*

**Peacock Keller, LLP**

By:     /s/Susan T. Roberts
          Susan T. Roberts, Esquire